AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

LODGED
CLERK, U.S. DISTRICT COURT
6/17/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

FILED
CLERK, U.S. DISTRICT COURT
06/17/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___IV___ DEPUTY

United States of America

v.

HENRY RENDON,

Defendant

Case No. 2:25-MJ-03691-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of June 15, 2025, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111 | Assaulting, Resisting, or Impeding a Federal Office |

This criminal complaint is based on these facts:

 *Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ ███████████
Complainant's signature

███████████, Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: June 17, 2025

*Patricia Donahue*
Judge's signature

City and state:  Los Angeles, California

Hon. Patricia Donahue, U.S. Magistrate Judge
Printed name and title

**AFFIDAVIT**

I, ▮▮▮▮▮▮▮▮▮▮, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against, and arrest warrant for, Henry RENDON ("RENDON") for a violation of 18 U.S.C. § 111 (Assaulting, Resisting, or Impeding a Federal Officer).

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF AFFIANT

3. I am a Homeland Security Investigations ("HSI") Special Agent ("SA") and have been employed as such since March 17, 2021. Your affiant is authorized by Title 8, United States Code, Section 1357, and Title 19, United States Code, Section 1589a, to investigate immigration law and customs law violations, respectively.

4. As an HSI SA, I am currently assigned to the Border Enforcement Security Task Force ("BEST") group at HSI Yuma, Arizona. The Yuma HSI BEST group conducts investigations of

transnational criminal organizations involved in crimes occurring across the international border and into the United States. These investigations are often coordinated with personnel from U.S. Customs and Border Protection, U.S. Border Patrol, and local and state law enforcement officers. I am currently on a temporary duty assignment with the HSI Los Angeles Integrated Operations Group ("IOG") Task Force (the "Task Force").

5. During my time as a HSI SA, I have received specialized training regarding federal offenses including human smuggling, immigration law, narcotics smuggling, physical and electronic surveillance techniques, undercover operations, witness interviewing, and criminal investigations. Through specialized training and experience, I am able to identify characteristics, patterns, and evidence of criminal networks. I have also been personally involved in investigations involving drug trafficking, human smuggling, child exploitation, human trafficking, and various intricate criminal networks.

6. During the course of my career as a HSI SA, I have been the affiant for several federal indictments on members of transnational criminal organizations (TCOs), seized large amounts of U.S currency from TCOs, and conducted over 250 self-initiated arrests.

7. I began my career in 2016 with the Department of Homeland Security with United States Citizenship & Immigration Services as an Immigration Officer and later became a

Deportation Officer with Immigration & Customs Enforcement - Enforcement and Removal Operations.

8. Prior to beginning my tenure with the Department of Homeland Security, I obtained an associate's degree in business administration, and a bachelor's degree in criminology from the University of Massachusetts.

### III. STATEMENT OF PROBABLE CAUSE[1]

9. On or about June 15, 2025, Federal Bureau of Investigation ("FBI") and HSI Special Agents were supporting an operation being led by Immigration and Customs Enforcement – Enforcement and Removal Operations ("ICE – ERO") in the City of Bell Gardens, California, within the Central District of California.

10. Specifically, at approximately 12:10 p.m., FBI, HSI, and ICE – ERO officers were conducting an arrest of an individual that was illegally present in the United States.

11. During the course of the arrest, several bystanders began to gather near and around the law enforcement personnel. The bystanders then began accosting the officers and agents. One of the bystanders, a Hispanic male later identified as RENDON, exited a silver Hyundai sedan (the "Silver Hyundai").

---

[1] Unless otherwise noted, the facts set forth in Section III are based on conversations with other law enforcement officers involved in this investigation and my review of photographs associated with the below-described incident.

12. After exiting the car, RENDON approached FBI SA D.V. with his fists clenched and raised.[2] Based on RENDON's demeanor as he approached the officers with his fists clenched and raised, the law enforcement team determined that they would evacuate themselves from the scene to avoid any potential danger. In doing so, they entered their government-issued vehicles and began to drive away. Three government vehicles departed the scene --- one driven by an ICE – ERO officer, one driven by FBI SA D.V., and one driven by HIS SA A.K.

13. As FBI SA D.V. departed the scene in his vehicle, RENDON approached SA D.V.'s the vehicle and struck it with his fist. RENDON then walked towards HSI SA A.K.'s vehicle and struck it with his fist.

14. The government vehicles then drove away, including the ICE – ERO vehicle in which the arrestee was a passenger.[3] A few minutes later, SA A.K. saw that the Silver Hyundai, being driven by RENDON, was following SA A.K.'s car. Specifically, SA A.K. saw in his rear-view mirror that the Silver Hyundai was so close that SA A.K. could not see the license plate of the Silver Hyundai.

15. In response to being followed at a close range by RENDON, SA A.K. made several turns and lane changes, with RENDON promptly making the same turns and lane changes. Then, after SA

---

[2] This incident was captured on SA D.V.'s body cam footage. Officers later identified RENDON by comparing his California DMV picture with the body cam footage.

[3] SA A.K.'s vehicle was traveling behind the two other government vehicles.

4

A.K. stopped his vehicle near the intersection of Eastern Avenue and Randolph Street at a red light, RENDON struck the rear of SA A.K.'s vehicle with the front of the Silver Hyundai.

16. After hitting SA A.K.'s vehicle, RENDON drove away without stopping to exchange information with SA A.K.

17. A follow-up inspection of SA A.K.'s government-issued vehicle yielded the discovery of silver paint, matching the color of the Silver Hyundai driven by RENDON.

## IV. CONCLUSION

18. For all the reasons described above, there is probable cause to believe that RENDON has committed a violation of 18 U.S.C. § 111 (Assaulting, Resisting, or Impeding a Federal Officer).

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 17th day of June
2025.

*Patricia Donahue*
_____
HONORABLE PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE